## BEN SCHOOLCRAFT v. STATE.

No. A-8075.   Sept. 19, 1931.
(3 Pac. [2d] 241.)

Darnell & LaRue, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the county court of Custer county of the unlawful possession of a still, and his punishment fixed by the court at a fine of $200 and imprisonment in the county jail for 60 days.

Defendant filed a timely motion to suppress the evidence for the reason that the same was obtained by the unlawful search of his premises without a search warrant.

The evidence on the motion to suppress was that some one called the sheriff's office, saying that a fight was going on at a certain place; that the sheriff and two of his deputies went to this place, but whatever difficulty had been there was over when they reached the place; that there was a ten-gallon keg in the yard which had been upset and puddles of whisky in the yard; and that there was a strong smell of whisky in the air.   No arrest was made.   The sheriff went into the house without a warrant of arrest or search warrant, testifying that he was searching for somebody who was supposed to be beaten up in the house; not finding any person, he came to the door of the basement under the house; defendant's wife was standing on this door and ordered the sheriff not to go into the basement; that upon a threat of arrest the wife stepped off of the door and the sheriff looked down into the basement and saw a still and mash; that he waited

there while one of his deputies went and obtained a search warrant.

Section 30, art. 2, of the Bill of Rights, provides:

"The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches or seizures shall not be violated; and no warrant shall issue but upon probable cause supported by oath or affirmation, describing as particularly as may be the place to be searched and the person or thing to be seized."

Section 7013, C. O. S. 1921, provides:

"No warrant shall be issued to search a private residence, occupied as such, unless it, or some part of it, is used as a store, shop, hotel, boarding house, or place for storage, or unless such residence is a place of public resort."

This court, in considering the constitutional provision and the statute above cited, has many times held that a search and seizure made in a home, without a warrant, under circumstances similar to those in the case at bar, is illegal, and evidence so obtained is inadmissible.

The state contends that since, after discovering the stuff, the officers obtained a search warrant, that cured the defect and made the search legal.

The difficulty about this case is that the search was all completed before the search warrant was obtained, and only the seizure accomplished by means of the warrant. If the acts of the sheriff up to the time of obtaining the search warrant were authorized by law, then no search warrant was necessary, and the obtaining of one could not make that legal which was illegal prior to the obtaining of the search warrant.

It is difficult to understand why the county attorney

did not file a charge against the defendant for unlawful possession of the intoxicating liquor found by the sheriff in the yard. No search warrant was necessary to obtain this evidence, and the same would have been admissible in the trial of a case for the unlawful possession of this intoxicating liquor.

The search and seizure of the still having been made in violation of law by the unlawful search of defendant's home, and this being all the competent evidence there is in the case, the cause must be reversed.

For the reasons stated, the cause is reversed and remanded, with directions to the county court to dismiss the same. The county attorney is ordered and directed to file an information against the defendant charging him with unlawful possession of the intoxicating liquor found in the yard, and the county court is directed to proceed with the trial of said case in accordance with this opinion.

DAVENPORT, P. J., and EDWARDS, J., concur.